1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUI MAO, QINGBIN BU, RUI FAN, ZHEN FAN, JIANGANG HAN, BING HUANG, WENLAN HUANG, SHUANGYAN JIA, TIEYIN LI, HUAIJIN LIU, ZHONGFA LIU, XINYUAN MU, ZHICUI SHAN, YAO SONG, HAILAN TANG, PEILIN WU, HAITAO XU, XIUQIN YANG, ZHAOHUI YE JUNHONG ZHANG, ZHONGMEI ZHAO, DIANYI ZHOU, JIAYIN ZHU, XIAOYU ZHU, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION; QUARTZBURG GOLD, LP; ISR CAPITAL, LLC; IDAHO STATE REGIONAL CENTER, LLC; AND SIMA MUROFF, <br><br> Defendants. | Case No. 16-1113RSM <br><br> ORDER GRANTING DEFENDANT U.S. BANK'S MOTION TO DISMISS |

## I.        INTRODUCTION

This matter comes before the Court on Defendant U.S. Bank's Motion to Dismiss Counts II, IV, and V against U.S. Bank, Dkt. #14.  U.S. Bank moves under Rule 12(b)(6) to dismiss Plaintiffs' securities fraud and breach of fiduciary duty claims arguing that "this case is at its core a simple breach of contract dispute," that Plaintiffs have failed to plead the fraud

claims with sufficient specificity and particularity, and that U.S. Bank was not a seller of securities. Dkt. #14 at 8-10. Plaintiffs oppose this Motion. The Court has determined that oral argument is unnecessary. For the reasons set forth below, the Court agrees with U.S. Bank and GRANTS its Motion with regard to Count II.

## II.    BACKGROUND[1]

Plaintiffs are individual citizens and residents of the People's Republic of China. Dkt. #3 at 2. On or about April 16, 2012, Plaintiffs entered into an escrow agreement ("Master Escrow Agreement") with certain other Defendants; Defendant U.S. Bank was the "Escrow Agent." *Id.* at 3. The Master Escrow Agreement was intended to facilitate investment by and to protect foreign persons like the Plaintiffs interested in potentially investing in Defendant Quartzburg Gold, LP for the purpose of qualifying for the EB-5 U.S. immigration investor program. *Id.* The Master Escrow Agreement contemplated that numerous Investors would execute a Joinder to the Master Escrow Agreement (each an "Escrow Joinder") and each place at least $500,000 in escrow. *Id.* After the project was fully subscribed in this manner, Quartzburg and the Plaintiffs would submit immigration petitions to the United States Citizenship and Immigration Services ("USCIS"). *Id.* The Master Escrow Agreement allowed for disbursements of the Investors' escrowed funds only if certain conditions were met. *Id.* at 4. Specifically, Section 4 of the Master Escrow Agreement provides: "Escrow Agent shall disburse Escrow Funds at any time and from time to time, upon receipt of, and in accordance with a Written Direction. . . ." *Id.* Plaintiffs allege that the Escrow Joinders "only allowed U.S. Bank to disburse the [Plaintiffs'] escrowed funds to Quartzburg upon the approval of [a Plaintiff's] I-526 petition." *Id.* Each Plaintiff subsequently executed an Escrow Joinder and

---

[1] The following background facts are taken from Plaintiffs' Amended Complaint, Dkt. #3, and accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING DEFENDANT U.S. BANK'S MOTION TO DISMISS - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

deposited at least $500,000 in escrow with U.S. Bank as escrow agent (collectively, the "Escrowed Funds"). *Id*. at 5.   This occurred at a U.S. Bank branch in Salt Lake City, Utah. *Id*. at 5-6, 13.   Immigration petitions for each Investor and the project were then submitted to USCIS.   None of the Investors' I-526 petitions were approved, and ultimately USCIS denied the I-526 petitions, citing deficiencies with the Quartzburg project that did not comply with the requirements of the EB-5 program. *Id*. at 6.   Plaintiffs allege that Defendants Quartzburg and Muroff "intended to fraudulently obtain the Escrowed Funds by asserting that the Acknowledgements were actually Approvals," and "requested that U.S. Bank release the Investors' Escrowed Funds on the basis of those Acknowledgements." *Id*.   Plaintiffs argue that these requests to U.S. Bank did not conform to the requirements of the Master Escrow Agreement. *Id*. at 6-7.   Nevertheless, U.S. Bank disbursed the Investors' Escrowed Funds to Quartzburg after receiving Quartzburg's disbursement requests. *Id*. at 7.   Plaintiffs allege that, at the time that it released the Escrowed Funds to Quartzburg, U.S. Bank knew or should have known that Quartzburg's disbursement requests did not comply with the requirements of the Master Escrow Agreement and the Escrow Joinders. *Id*.   Neither Quartzburg nor U.S. Bank notified the Plaintiffs that Quartzburg had requested disbursements of their Escrowed Funds or that U.S. Bank had disbursed the funds to Quartzburg. *Id*.   Plaintiffs then requested that Quartzburg and U.S. Bank return the Escrowed Funds; no funds have been returned. *Id*. at 8.

On December 3, 2015, Plaintiffs filed the instant lawsuit in the United States District Court for the District of Utah. *See* Docket.   Plaintiffs bring the following causes of action: Count I, Breach of Contract and Duty of Good Faith and Fair Dealing; Count II, Breach of Fiduciary Duty; Count III, Conversion/Monies Had and Received; Count IV, Federal Securities

ORDER GRANTING DEFENDANT U.S. BANK'S MOTION TO DISMISS - 3

Fraud; Count V, State Securities Fraud.  *See* Dkt. #3.  On July 11, 2016, the Utah Court granted a Motion to Transfer Venue and transferred to the Western District of Washington.  Dkt. #30.

The instant Motion to Dismiss was originally filed in the Utah Court on April 12, 2016, but after the transfer it was renoted to be considered by this Court on September 29, 2016, without the need for additional briefing.  *See* Dkt. #55.  On September 27, 2016, the Court granted a Stipulated Motion to Dismiss Counts IV and V of the Amended Complaint against U.S. Bank, thereby limiting the instant Motion to a discussion of Count II.  Dkt. #54.

### III.    DISCUSSION

**A.  Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Absent facial plausibility, Plaintiff's claims must be dismissed.  *Id*. at 570.

**B.  Breach of Fiduciary Duty Claim**

ORDER GRANTING DEFENDANT U.S. BANK'S MOTION TO DISMISS - 4

U.S. Bank argues that Plaintiffs' claim for breach of fiduciary duty "is entirely duplicative of their breach of contract claim" and that it otherwise fails to state a claim.  Dkt. #14 at 37.  U.S. Bank argues that an alleged injury flowing from a relationship involving a contract is remediable in tort only if the injury is traceable to a "breach of a tort law duty of care arising independently of the contract."  *Id*. at 37-38 (citing *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 394, 241 P.3d 1256, 1264 (2010); *Anapoell v. Am. Express Bus. Fin. Corp.*, No. 2:07-CV-198-TC, 2007 WL 4270548, at *6 (D. Utah Nov. 30, 2007)).  According to U.S. Bank, Plaintiffs' claim for breach of fiduciary duty "does not state a claim because their allegations do not identify, or provide any factual basis for finding, a fiduciary duty independent from the parties' contract."  *Id.* at 39.  U.S. Bank argues that the fiduciary duty claim is identical and duplicative of the contract claim, and that "Plaintiffs allege no connection between themselves and U.S. Bank other than that they deposited funds into an escrow account at U.S. Bank under the terms of an Escrow Agreement."  *Id.*  U.S. Bank argues "to the extent Plaintiffs attempt to contend that U.S. Bank somehow had some duty beyond the scope of the Escrow Agreement, any such contention would be contrary to the terms of the agreement" because "[t]he Escrow Agreement expressly provided that U.S. Bank undertook 'to perform only such duties as are expressly set forth herein and no duties shall be implied,' and that U.S. Bank 'shall have no implied duties or obligations.'"  *Id.* at 39 n.12 (citing Dkt. #3-1 at 7).  U.S. Bank cites to several cases with similar fact patterns where the Court denied tort claims where a contract covered the duties between the parties.  *See, e.g., id.* at 38 n.11 (citing *Salt Lake City Corp. v. ERM-West, Inc.*, 984 F. Supp. 2d 1156, 1162 (D. Utah 2013) (dismissing tort claims against agent on motion to dismiss because the alleged breach of the standard of care was coextensive with the alleged breach of contract and the alleged tort duties were "expressly provided for" in

the contract); *Wakefield Kennedy, LLC v. Silverleaf Fin. 9, LLC*, No. 11-cv-00604-DN-EJF, 2014 U.S. Dist. LEXIS 30070, at *14-15 (D. Utah Mar. 7, 2014) (dismissing negligence and breach of fiduciary duty claims against escrow agent because they were not based on duties independent of the contract); *Stewart Title Guar. Co. v. Summit Escrow & Title Agency, LLC*, No. 2:11-CV-1061TS, 2012 WL 2368214, at *3 (D. Utah June 21, 2012) (dismissing tort claim against agent on motion to dismiss because it was "indistinguishable from the parties' contractually created duties"); *Anapoell*, 2007 WL 4270548, at *6 (dismissing tort claims that were "part and parcel" of the rights set forth in the contract)). U.S. Bank requests that this claim be dismissed with prejudice. *Id.* at 10.

In Response, Plaintiffs argue that the Court should apply Utah law, and that under Utah law the fiduciary duty at issue existed independent of the Escrow Agreement. Dkt. #23 at 4-5. Plaintiffs argue that the Escrow Agreement cannot limit "a bank's duty to act in good faith and exercise ordinary care." *Id.* at 6 (citing Utah Code Ann. § 70A-4-103 ("[T]he parties to the agreement may not disclaim a bank's responsibility for its lack of good faith or failure to exercise ordinary care, or limit the measure of damages for the lack or failure."); RCW § 62A.4.103; *Arrow Indus. Inc. v. Zions First Nat'l Bank*, 767 P.2d 935, 937-38 (Utah 1988); *Travelers Cas. & Surety Co. v. Wash. Trust Bank*, 86 F. Supp. 3d 1148, 1161 (E.D. Wash. 2015)). Plaintiffs also argue that as an escrow agent, U.S. Bank owed a fiduciary duty under law independent of the contract. *Id.* at 6-7 (citing *Cooper Enters. PC v. Brighton Title Co.*, 2010 UT App 135, ¶ 11 & n.4, 233 P.3d 548; *New W. Fed. Sav. & Loan Assn. v. Guardian Title Co. of Utah*, 818 P.2d 585, 589-90 & n.5 (Utah Ct. App. 1991) (holding that escrow agent owed duties to party independent of contract)).

ORDER GRANTING DEFENDANT U.S. BANK'S MOTION TO DISMISS - 6

On Reply, U.S. Bank argues that "[w]hile Plaintiffs cite a variety of cases generally discussing duties, none of them actually address the issue here, where a relationship arises entirely from contract, the alleged tort duty is completely coextensive with a contractual duty, and the allegations of tortious conduct are the same as the allegations supporting the breach of contract claim." Dkt. #29 at 17. U.S. Bank fails to address Plaintiffs' arguments or legal citations in any detail, and argues that Plaintiffs fail to address its cited cases. *Id*.

As an initial matter, the Court disagrees with U.S. Bank that Plaintiffs' fiduciary duty claim is "entirely duplicative," on its face. Plaintiffs are asserting that the same actions of U.S. Bank breached a contract and breached a fiduciary duty independent of the contract. Although Plaintiffs do not assert the legal basis for this fiduciary duty in the Amended Complaint, such legal analysis is not required in the pleading stage.

As a second matter, the Court is not convinced by Plaintiffs' citations to cases and statutes discussing "a bank's duty to act in good faith and exercise ordinary care," as this is not the duty pled in Count II, and is explicitly discussed in Count I, which is not before the Court. *See* Dkt. #3 at 8 ("Each contract also includes an implied duty of good faith and fair dealing.").

The key question for the Court is whether, under Utah law, U.S. Bank owed an independent fiduciary duty to Plaintiffs for this escrow transaction. Plaintiffs' position is that U.S. Bank acted as an escrow agent and therefore owed a statutory fiduciary duty to Plaintiffs. Even if that were the case, the Escrow Agreement contains a forum selection clause, and the fiduciary duty claim clearly relates to interactions between the parties that were otherwise governed solely by that contract. The Utah Court in *Wakefield Kennedy* appears to have explicitly addressed this situation, finding that "[t]he duties imposed on escrows by Utah Code Ann. § 7-22-108 do not apply to any duties [the escrow agent] assumed under the Custody

Agreement because the Agreement is governed by Washington law."  2014 U.S. Dist. LEXIS 30070 at *14; *see also* Utah Code Ann. § 7-22-108(2) ("All other assets or property received by an escrow agent in accordance with an escrow agreement shall be maintained in a manner which will reasonably preserve and protect the property from loss, theft, or damage, and which will otherwise comply with all duties and responsibilities of a fiduciary or bailee generally.")   The Utah Court went on to find that "no duties were argued to apply under Washington law, and if such duties did apply, they would apply as implied terms of the agreement, not as independent tort duties."  2014 U.S. Dist. LEXIS 30070 at 14-15.   Similarly, *Stewart Title* found that negligence claims that were "indistinguishable from the parties' contractually created duties" were not independent from a breach of contract claim and therefore barred by the economic loss doctrine. 2012 WL 2368214, at *3.  The Court finds these cases more applicable to the current situation than those cases cited by Plaintiffs.  Plaintiffs fail to address these cases, leaving the impression that they are on point.  The Court finds that any fiduciary duty owed by U.S. Bank under Utah law was subsumed or otherwise part and parcel of the duties owed in the Escrow Agreement.  Accordingly, the Court finds that Plaintiffs' Count II is duplicative, fails to state a claim upon which relief can be granted, and therefore must be dismissed under Rule 12(b)(6).

## C.  Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  The Court finds that the legal questions at issue above are based on the Escrow Agreement, the terms of which are not in

ORDER GRANTING DEFENDANT U.S. BANK'S MOTION TO DISMISS - 8

1   dispute, and that the deficiencies identified above are not fact-based and cannot possibly be

2   cured by Amendment.  The Court will therefore dismiss this claim with prejudice.

3                                   **IV.   CONCLUSION**

4           Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

5   and the remainder of the record, the Court hereby finds and ORDERS that Defendant U.S.

6   Bank's Motion to Dismiss, Dkt. #14, is GRANTED with respect to Count II and DENIED AS

7   MOOT with respect to Counts IV and V.[2]  Plaintiffs' claim against U.S. Bank for Breach of

8   Fiduciary Duty, Count II, is DISMISSED with prejudice.

9

10

11          DATED this 14 day of November, 2016.

12

13

14

15                                  RICARDO S. MARTINEZ
                                    CHIEF UNITED STATES DISTRICT JUDGE
16

---

[2] As stated previously, on September 27, 2016, the Court granted a Stipulated Motion to Dismiss Counts IV and V of the Amended Complaint against U.S. Bank, thereby limiting the instant Motion to a discussion of Count II.  Dkt. #54.

ORDER GRANTING DEFENDANT U.S. BANK'S MOTION TO DISMISS - 9